# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7574 | **DATE** | 1/02/2002 |
| **CASE TITLE** | Wade vs. Henderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing and argument on defendants' motion to dismiss held. The defendants' motion to dismiss [17-1] is granted and the complaint is dismissed with prejudice. All motions and previously set dates are hereby stricken. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 4 2002 | |
| | Notified counsel by telephone. | date docketed | 23 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 1/2/2002 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| tw | courtroom deputy's initials | 02 JAN -3 PM 4:16 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHEILA D. WADE, ) | Cause No. 00 C 7574 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| WILLIAM J. HENDERSON, et al., ) | |
| Defendants. ) | |

DOCKETED JAN - 4 2002

## MEMORANDUM OPINION AND ORDER

In December 2000, plaintiff Sheila Wade filed a *pro se* complaint against William Henderson [the Postmaster General] and the United States Postal Service, alleging that the plaintiff was terminated from her position with the U.S. Postal Service in July 1997 as a result of discrimination on the basis of disability and race in violation of the Americans With Disabilities Act and 42 U. S. C. § 2000e *et seq*. The plaintiff's motions for leave to file *in forma pauperis* and for appointment of counsel were denied by the District Judge. [Dkt #11.] The parties subsequently consented to the jurisdiction of the Magistrate Judge. [Dkt ## 13, 14.]

In May 2001, the defendants brought a Motion to Dismiss [Dkt # 17], arguing that the plaintiff's complaint fails to show that she complied with the requirements imposed on federal employees by statute and regulation as preconditions to filing a complaint in federal court. Specifically, the defendants argue, the plaintiff has failed to demonstrate that she brought her claim of discrimination to the attention of her agency's EEO counselor within 45 days of the action or

1

event giving rise to the complaint, as required by 29 C.F.R. §§1614.105(a)(1) and 1614.107(b).[1]

On May 31, 2001, this Court held a status in this matter. The plaintiff asked for additional time to obtain the services of an attorney, and the briefing schedule for the motion to dismiss was deferred. At the next status on July 26, 2001, the plaintiff had not obtained an attorney and a briefing schedule was set requiring that the plaintiff's response to the motion be filed by September 27, 2001. On October 10, 2001, plaintiff's time to respond was extended to November 7, 2001 and oral argument set for December 6, 2001. No response was ever filed by the plaintiff to the motion. However, on the date set for the oral argument, neither the plaintiff nor the defendants' counsel appeared, the motion was stricken and a status hearing set for December 20, 2001. On that date, the plaintiff and the defendants' counsel appeared. Defendants' oral motion to reinstate their motion to dismiss was granted and oral argument was reset to January 2, 2002 at 10:30 a.m. On January 2, 2002, counsel for the defendants appeared and argued the motion. The plaintiff did not appear either personally or by counsel. No response to defendants' motion to dismiss has ever been filed by the plaintiff.

Because the plaintiff here is proceeding *pro se*, her complaint must be construed liberally with the plaintiff being held to less stringent standards than those applied to complaints drafted by attorneys. *Madsen v. Park City*, 6 F. Supp. 2d 938, 941 (N.D. Ill. 1998)(Hart, J.). In such a case, consideration is not limited to the complaint; allegations contained in other court filings must be considered as well. *Id*. It is possible for the plaintiff to plead her self out of court by alleging facts showing no viable claim. *Id*. Although the statute of limitations is an affirmative defense, which

---

[1] The defendants' motion attached various documents in addition to the complaint. However, the Court does not consider those documents on this motion to dismiss.

the plaintiff is not required to negate in the complaint, if the plaintiff pleads facts showing that her suit is time-barred, she has pleaded herself out of court. *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

Plaintiff's complaint alleges that she filed a complaint with the Equal Employment Opportunity Commission in May 12, 1998, almost a year after her discharge, and that she received a right to sue letter dated August 29, 2000. As attachments to her complaint in this case, the plaintiff filed a number of documents including a November 6, 1998 letter from the Postal Service's Office of Equal Employment Opportunity stating that the issues that the plaintiff sought to raise were untimely because the plaintiff's initial contact with a Postal Service EEO counselor was not made until May 12, 1998, long after the 45 days required by regulation.

These facts demonstrate that the plaintiff did not comply with the regulations requiring that her claim of discrimination be brought to the attention of the Postal Service's EEO counselor with 45 days of her termination, the alleged discriminatory action. The plaintiff has not advanced any reason why that period should be tolled.

For the foregoing reasons, the defendants' motion to dismiss is GRANTED. The plaintiff's complaint is dismissed with prejudice. All previously set dates are hereby stricken.

**IT IS SO ORDERED.**

**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**DATED: January 2, 2002**

3